# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4096 | **DATE** | 6/22/2004 |
| **CASE TITLE** | Milo vs. Contour Saws, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. Contour's motion to dismiss is denied. Status hearing set for 08/11/04 at 11:00am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 2 3 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 19 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MANUEL MILO, )
)
Plaintiff, )
) No. 02 C 4096
v. )
) Judge George M. Marovich
)
CONTOUR SAWS, INC., )
)
Defendant. )

**DOCKETED**
JUN 2 3 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Manuel Milo ("Milo") filed a two-count Complaint against Contour Saws, Inc. ("Contour") alleging that Contour terminated his employment based on his age, color, national origin and race, in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 (e) et. seq., and Section 4(d) of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et. seq. Contour brought a Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12 (b) (6). For the following reasons, the Court denies Contour's Motion to Dismiss.

### BACKGROUND

The Complaint alleges the following relevant facts which, for the purposes of deciding this motion, are taken as true. Hishon v. Kemp & Spalding, 467 U.S. 69, 73 (1984). On March, 27 2001, Milo filed a pro se Notice of Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that he was retaliated against when he declined to participate in disciplining an employee because of his age and national origin. Milo completed the EEOC Charge Questionnaire and under the box labeled "cause of discrimination based on," Milo

19

checked the boxes marked: race, color, national origin, and retaliation under Title VII and the ADEA. In the Charge Questionnaire, Milo alleged that at the start of his shift on October 2, 2000, Tom Koszinski ("Koszinski"), the foreman and John Przybylski ("Przybylski"), the department manager at Contour Saws, Inc., terminated Milo at will without warning after he refused to operate a welder machine that Milo alleges he was not qualified to operate. Contour was issued a Notice of Charge of Discrimination for which the sole basis of discrimination alleged was retaliation. On March 25, 2002, the EEOC issued Milo a dismissal and notice of right to sue because based upon its investigation, the EEOC was unable to conclude that the information obtained established violations of the statutes. On June 7, 2002, Milo filed his Complaint alleging that he was discriminated against on the basis of his age, color, national origin and race. The Complaint also alleges that Milo was illegally discharged on October 2, 2000 by Przybylski, and Koszinski, for refusing to operate a machine that Milo was allegedly not qualified to operate and that was unsafe.

## DISCUSSION

### I.   Standard for Motion to Dismiss

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts in the complaint must be accepted as true. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). To withstand a motion to dismiss, a complaint must allege facts which sufficiently set forth the essential elements of the cause of action. Gray v. County of Dane, 854 F.2d 179, 182 (7th Cir. 1988). Dismissal is proper only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of a claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

2

**II.** Title VII & ADEA

Contour contends that Milo's Complaint for age, color, national origin and race discrimination should be dismissed because the Plaintiff only alleged "retaliation" on his EEOC Charge and did not allege age, race, color, or national origin discrimination. It is well settled that a plaintiff cannot bring claims in a federal suit that were not included in his EEOC charge. Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994). However, in Haines v. Kerner, the Supreme Court unanimously held that "we hold to less stringent standards (the allegations of a pro se complaint) then formal pleadings drafted by lawyers." 404 U.S. 519, 520 (1972) Furthermore, in a case involving EEOC procedure, the Court stated that "technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiated the process." Love v. Pullman Co., 404 U.S. 522, 92 (1972). Here, Milo was pro se when he filled out the EEOC Charge Questionnaire, served Contour with the EEOC Notice of Charge, and filed the lawsuit. It is clear that Milo intended to include the discrimination claim in his EEOC investigation because he checked the boxes originally in the EEOC Charge Questionaire, specifically Milo checked the boxes marked race, color, national origin, and retaliation. The fact that Contour did not see the questionnaire, or was unaware the boxes were checked should not to be fatal to Milo's claims since he, pro se, performed to the best of his knowledge. Milo clearly articulated the reason he was bringing the EEOC claim within the Charge Questionnaire, despite the fact the boxes were not checked on his Notice of Charge. "This Court declines to hold that the failure to place a check mark in the correct box is a fatal error." Jenkins v. Blue Cross Hospital Ins. Inc., 538 F.2d 164, 169 (7th Cir. 1976). Further "to compel the charging party to specifically articulate in a charge filed with the Commission the full

3

panoply of discrimination which he may have suffered may cause the very persons Title VII was designed to protect to lose that protection because they are ignorant of or unable to thoroughly describe the discriminatory practices to which they are subjected." Id.

Even if Contour was correct that the claim was outside the scope of the EEOC claim, Milo's claim falls under an exception created by the Seventh Circuit in Jenkins v. Blue Cross Mut. Hosp. Ins., 538 F.2d 164, 167 (7th Cir. 1976). The test for determining whether the EEOC charge encompasses the claims in a complaint allows a Title VII plaintiff significant leeway, all Title VII claims set forth in the complaint are cognizable that are "like or reasonably related to the allegations of the charge and growing out of such allegations." Id. at 167. "Thus, the test of Jenkins is satisfied if there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." Cheek v. Western & Southern Life Ins. Co., 31 F.3d 497, 501 (7th Cir. 1989). Here, the first part of the Jenkins test is satisfied because the allegations in the charge and claims in the complaint arose from the same set of facts, at the same time, and implicated the same individuals. Therefore, a reasonable relationship exists between the two. In determining whether the claim is reasonably related to the allegations in the EEOC charge, the Court must initially examine the factual allegations in the body of the charge. Id. Specifically, the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals. Id. In the Charge Questionnaire, Milo alleged that two individuals, Koszinski and Przybylski terminated him and asked him to operate a machine he was not qualified to operate. No one else is referred to within the Charge. Likewise, Koszinski and Przybylski are the only two people referred to within the Complaint where Milo

4

alleged that they unlawfully terminated his employment, discriminated against him, and retaliated against him. Therefore, Milo's claims implicate the same people and the same conduct. Additionally, it could reasonably be expected that Milo's complaint would grow out of an EEOC investigation from the allegations made because investigating the Charge Questionnaire allegations would inevitably necessitate exploration of Milo's claims against Koszinski and Przybylski from which facts supporting the allegations in the complaint would reasonably grow.

## CONCLUSION

For the reasons set forth above, Contour's Motion to Dismiss is denied.

ENTER:

George M. Marovich
United States District Judge

DATED: 6/22/04